**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4138**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

DEVON LONA LUNN, a/k/a Devon Lunn Goodwin,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:16-cr-00019-WO-4)

Submitted:  December 21, 2017           Decided:  December 27, 2017

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Sophia L. Harvey, LIAO HARVEY PC, Winston-Salem, North Carolina, for Appellant. Graham Tod Green, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina; Angela Hewlett Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Devon Lona Lunn appeals from the criminal judgment imposed after she pleaded guilty to conspiracy to distribute cocaine base and possession of a firearm by a felon. She received a sentence of 87 months, which was below the advisory Sentencing Guidelines range. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but generally questioning whether the guilty plea is valid. The Government declined to file a brief. Lunn filed a pro se supplemental brief raising sentencing challenges. After careful review, we affirm.

Prior to accepting a guilty plea, a court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the nature of the charge to which she is pleading guilty, the maximum possible penalty she faces, and the various rights she is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the defendant's plea is voluntary, supported by a sufficient factual basis, and not the result of force, threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2)-(3); *DeFusco*, 949 F.2d at 119-20.

Because Lunn did not move to withdraw her guilty plea in the district court or otherwise preserve any allegation of Rule 11 error, we review the plea colloquy for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). "To prevail on a claim of plain error, [Lunn] must demonstrate not only that the district court plainly erred, but also that this error affected [her] substantial rights." *Id.* at 816. In the guilty plea context,

2

a defendant establishes that an error affected her substantial rights if she demonstrates a reasonable probability that she would not have pleaded guilty but for the error. *Id.* The record reveals that the district court conducted a sufficient plea colloquy with Lunn. Accordingly, we conclude that the district court did not plainly err in accepting Lunn's guilty plea.

Lunn's pro se supplemental brief challenges her sentence, arguing that she should only be attributed with the drug quantity in a March 2015 controlled buy, that she did not qualify as a career offender, and that the term of imprisonment resulted in a sentencing disparity. Lunn's plea agreement contained an appeal waiver. The Government has not moved to enforce the waiver, accordingly our review pursuant to *Anders* is not precluded. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) (2012) for abuse of discretion. *United States v. Lymas*, 781 F.3d 106, 111 (4th Cir. 2015) (citing *Gall v. United States*, 552 U.S. 38, 41 (2007)). First, we consider whether the district court committed a significant procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) sentencing factors, or failing to explain sufficiently the chosen sentence. *Id.* at 111-12. If the sentence is procedurally reasonable, we consider its substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. We presume that a sentence within or below the Guidelines range is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

3

We discern no error in the court's rulings or its determination of the Guidelines range. We also conclude that Lunn fails to rebut the presumption that her below-Guidelines-range sentence is substantively reasonable when measured against the § 3553(a) factors. *See Louthian*, 756 F.3d at 306. The district court sentenced Lunn to 87 months' imprisonment—64 months below the lowest end of the Guidelines range before any departure or variance. The court noted Lunn's individual circumstances and the harsh effect that the career offender enhancement had on her Guidelines range. Lunn does not point to any factors that overcome the presumption of reasonableness afforded to her below-Guidelines-range sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Lunn's conviction and sentence. This court requires that counsel inform Lunn, in writing, of the right to petition the Supreme Court of the United States for further review. If Lunn requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lunn.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4